WILLIAM C. LESTER and A. EDWARD LESTER, Appellants, *v.* FRANK J. GRIFFIN, Respondent.

(Supreme Court, Appellate Term, February, 1908.)

Landlord and tenant: Leases and agreements in general — Construction and operation — Express covenants in general: Rent and advances — Rights and liabilities — Eviction.

> A clause in a written lease of an apartment house, permitting the landlord, three months before the expiration of the term, to show the tenant's apartment to persons who might become tenants, is not to be construed to mean that when the tenant is absent the landlord may write him a letter asking for an amicable arrangement for showing the apartment and, if he does not receive a response within two days, break into the apartment at his pleasure.
>
> Such a breaking in, however, would constitute only a trespass for which the landlord might be liable in damages; but where, in addition, he changed the lock and retained the key, the tenant, who removed forthwith, is not liable for rent not yet due, though he made no demand for possession.

APPEAL by the plaintiffs from a judgment of the Municipal Court of the city of New York, eleventh district, borough of Manhattan, dismissing the complaint on the merits.

Stanley Holcomb Molleson, for appellants.

George B. Hayes, for respondent.

GERARD, J.   The action was brought to recover rent under a written lease for an apartment in the Westminster apartment house.   The lease ran from October 1, 1906, to October 1, 1907.   The action was brought to recover the August and September installments of rent.   The rent was payable monthly in advance.   The tenant (defendant) paid the rent in advance for the month of July.   The lease contained the following clause: " 7th. The tenant agrees to give three months' notice of intended removal and to permit said landlord or his agent to show the premises to other parties at any reasonable hours of the day and will allow a notice ' To Let ' to be put thereon three months prior to the expiration of this lease, and will allow landlord, or his agent, at any time during the term, to visit and examine them at any reasonable hour of the day and whenever necessary to have any repairs to same, or any part of the building."   The plaintiffs are the landlords.   On July eighteenth the plaintiffs' attorneys wrote the defendant tenant asking him to make an amicable arrangement for showing the premises and received no answer by the next day but one, July twentieth, on which date the plaintiffs broke into the defendant's apartment, which was locked, changed the lock, retained the key of the new lock and instructed the superintendent to show the apartments when he had applications for them.   It appears that the apartment was not at that time occupied by the defendant, but his effects were there; and the defendant, as soon as he ascertained that forcible entry had been made in his apartment, removed forthwith.   The defense claimed that the tenant had been evicted from the apartment prior to August first, and that therefore no action could lie for the rent due in August and September.   Plaintiffs claim they had the right to so enter defendant's apartment because of the provisions of the lease, permitting them, three months before the expiration of the lease, to show the apartment. This provision of the lease is quite a common provision in leases in this city.

A man's house is his castle and it does not seem that a fair construction of this clause means that a landlord, when a tenant is absent from his apartment, may write him a letter,

asking him for an arrangement for the showing of the premises and, if he does not receive a response within two days from the sending of the letter, break into the tenant's apartment at any hour that he chooses. Such breaking, however, would constitute a trespass, which would give the tenant an action for damages, but would not justify him in refusing to pay the rent; but in this case, in addition to breaking into the premises, the landlords changed the lock and retained the key. When they had done this there was no obligation on the tenant to redemand possession of the premises, and there is no necessity for refusal to restore as an element of eviction. Warren v. Wagner, 75 Ala. 188. The landlords having excluded the tenant from possession of the premises, prior to the time when the August rent accrued, cannot maintain an action for such rent.

GILDERSLEEVE and SEABURY, JJ., concur.

Judgment affirmed, with costs.